Argued and submitted September 11, 1981, affirmed in part,
remanded in part April 26, 1982

In the Matter of the Marriage of

GURR,
*Respondent,*
*and*
GURR,
*Appellant.*

(No. 41085, CA A20938)

643 P2d 1282

James M. Gillis, Newport, argued the cause for
appellant. With him on the brief was Litchfield, MacPher-
son, Carstens & Gillis, Newport.

Tim Armbruster, Newport, argued the cause for
respondent. With him on the brief was Barton & Arm-
bruster, P.C., Newport.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Van Hoomissen, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Husband appeals the trial court's order refusing to modify the spousal and child support provisions of the parties' dissolution decree and finding husband in contempt of court for failure to pay spousal support previously ordered.

The parties' marriage was dissolved in July, 1979. The decree awarded custody of their two children to wife and ordered husband to pay $200 per month per child as child support and $250 per month as temporary spousal support for one year or until wife became employed, as well as $600 per month permanent spousal support for 10 years. On husband's motion, the decree was modified in April, 1980, to reduce child support to $150 per month per child and to terminate the temporary spousal support provision. On husband's motion to reconsider, the decree was additionally modified to reduce the permanent spousal support obligation to $300 per month.

In August, 1980, husband received custody of the two children by the parties' agreement. Before that time, husband, a commercial fisherman, had been living on his boat. When he received custody of the children, he purchased land and installed a mobile home on it. His living expenses increased as a result. In October, 1980, husband moved to modify the decree to award him custody of the children, eliminate his child support obligation and require wife to pay child support. Wife moved to have husband held in contempt of court for failing to pay spousal support. Husband subsequently moved to modify the decree to eliminate the spousal support provision.

After hearing all of the motions, the trial court ordered modification of the decree to change the children's custody to husband and to eliminate husband's child support obligation; the court also found husband in contempt. Husband's motions to require wife to pay child support and to eliminate the spousal support requirement were denied.

Husband first assigns as error the court's finding him in contempt for failing to pay spousal support. He admits that he has not made the required monthly payments and that, at the time of the hearing in March, 1981,

he was at least $4,500 in arrears. At the hearing husband explained:

"A.  Okay. I had a disagreement with Salem. I believe it was the DHR, Department of Human Resources. They are trying to collect almost $12,000 from me that I paid her in '79. They refused to accept my cancelled checks as proof of payment. I told them I would send no more money until it was straightened out.

"Q.  Is that why you have not paid?

"A.  That's the biggest reason.

"Q.  Okay. Now, — (Interruption)

"A.  I don't think I would have been able to keep up with it, anyway, but that's the main reason I have not paid."

Husband's statement demonstrates wilful refusal to pay spousal support, and other evidence in the record indicates he has the ability to meet his support obligation. The trial court did not abuse its discretion in finding husband in contempt. Former ORS 23.020 (now superseded by ORCP 78B).

Husband's second assignment is the denial of his motion to require wife to pay child support. He formerly was required to pay $300 per month for support of the two children as well as $300 per month for spousal support. Under the decree as modified, with the children in his custody, he must provide full support for the children and continue to pay $300 per month for spousal support. Husband points out that, as made clear in *Smith v. Smith,* 290 Or 675, 626 P2d 342 (1981), *both* parents have a duty to support their children, and the sex of the noncustodial parent is immaterial in the determination.

Child support and spousal support are separate provisions of a decree of dissolution, but they are not independent of each other. Determination of one requires consideration of the other. ORS 107.105(1)(b),(c); *Smith v. Smith, supra,* 290 Or at 677-78; *Grove and Grove,* 280 Or 341, 343-44, 571 P2d 477 (1977). In this case husband has come before the trial court two times in the two years since the decree of dissolution was entered, seeking — and obtaining — modification of its provisions. The record before us is based on and continues from the record developed in the earlier proceedings. We do not have the earlier

record before us, and we do not know the basis for the earlier determinations of child or spousal support. We cannot speculate on the question of the children's needs or any of the other relevant considerations under *Smith v. Smith, supra.* We therefore remand for reconsideration of child support to be paid by wife.

Husband's third assignment of error is the court's denial of his motion to eliminate his spousal support obligation. It follows from our consideration of husband's second assignment that the trial court on remand may reconsider the motion to eliminate husband's spousal support obligation.

The finding of contempt is affirmed; the case is remanded for reconsideration of child and spousal support. No costs are awarded to either party.